PENOS KILLABIAN *vs.* THOMAS SULLIVAN.
AGNES KILLABIAN *vs.* THOMAS SULLIVAN.
MARY C. SULLIVAN *vs.* PANOS KILLABIAN.
MARY C. SULLIVAN *vs.* AGNES KILLABIAN.

DECEMBER 7, 1961.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

POWERS, J. These are four actions of trespass on the case for negligence brought by the plaintiffs Penos and Agnes Killabian against Thomas Sullivan as the defendant, and by Mary C. Sullivan as the plaintiff against the Killabians as the defendants. The cases were consolidated for trial before a superior court justice sitting with a jury and resulted in verdicts for the Killabians as both plaintiffs and defendants. They are before us on the Sullivans' bills of exceptions to the denial of their motions for new trials and to certain evidentiary rulings.

The record establishes that on August 17, 1957, Agnes Killabian, operator of a car owned by her father Penos Killabian, was involved in a collision at the intersection of Beaufort and Pemberton streets in the city of Providence

with a car operated by Thomas Sullivan and owned by Mary Sullivan.

Agnes and her father commenced civil proceedings against Thomas Sullivan for personal injuries and property damage respectively; Mary C. Sullivan brought actions against the Killabians for property damage.

An examination of the record discloses that the Killabians were first to try their cases. Agnes testified that she was proceeding along Beaufort street at a moderate rate of speed until she approached the intersection of Beaufort and Pemberton streets where she reduced her speed to two or three miles per hour. Prior to entering the intersection she looked to her right and observed no approaching traffic, but upon looking to her left she noticed a car approaching at a distance of 100 feet or more.

Proceeding through the intersection, however, her car was struck at the left rear door and left rear fender by the Sullivan car. In the course of the Killabian cases Agnes was cross-examined for Thomas Sullivan, defendant. It is more than significant that Mary Sullivan was not a party to those proceedings.

Upon completion of the actions commenced by the Killabians, the testimony opened in the cases of Mary C. Sullivan versus the Killabians. The plaintiff in these cases called Agnes Killabian under the adverse witness statute, G. L. 1956, §9-17-14. The trial justice overruled an objection to calling her under the statute, but sustained an objection to questions directed to her based on previous statements. Exception was taken and in the view we take of these cases it and the related exception are the only exceptions we will consider.

The plaintiff Sullivan made an offer of proof by reading into the record a previous statement by Agnes to Anthony I. Rafanelli in which she admitted that she had been driving at a rate not in excess of 20 miles an hour and did not see the Sullivan car until it hit her. This statement, ac-

cording to the offer of proof, appears to have been read by Agnes and she admitted signing it.

Subsequently plaintiff Sullivan attempted to introduce the statement through Mr. Rafanelli who had been called as a witness. Objection was made by defendants on the ground that no foundation had been laid on which she could now be contradicted. This objection was sustained and exception taken. Although it is separately stated in the bills of exceptions, it is so closely related to the previous exception that we shall consider them as one.

It appears that in making the offer of proof Agnes acknowledged that she had been questioned on the day following the accident. She repeatedly failed to answer responsively whether she had read it, replying only that she had not written it but admitting the signature to be hers. The statement was dated the day following the accident.

The jury returned a verdict for Agnes Killabian as plaintiff in the sum of $5,000 and for her father as plaintiff in the amount of $300. It also returned verdicts for them as defendants.

Although Thomas Sullivan and Mary Sullivan have pressed a number of exceptions, we are persuaded that the trial justice abused his discretion in refusing to permit Agnes to be questioned as to the signed statement for the reason that although cases may be consolidated for trial as a matter of convenience exceptions are preserved in each case as though it were tried separately. *Giguere* v. *Yellow Cab Co.*, 59 R. I. 248.

These exceptions were raised only in the cases of Mary Sullivan versus the Killabians and could not have been raised by her in the cases to which she was not a party. Her rights, however, are not to be prejudiced by reason of the fact that the cases were consolidated for trial. *Giguere* v. *Yellow Cab Co.*, *supra*. When so consolidated, the trier of facts may consider all of the evidence as a whole in ar-

riving at a verdict in each case. *Parness* v. *Weiner*, 77 R. I. 289.

It seems clear to us that if the jury had been permitted to hear the damaging statements attributable to Agnes and the testimony of Mr. Rafanelli in that regard, they might well have concluded that Agnes Killabian, as operator, was guilty of negligence in the case wherein she is defendant and of contributory negligence in the case wherein she is plaintiff. Likewise they may have concluded that Thomas Sullivan was completely free from negligence.

The Killabians contend, however, that inconsistent statements made prior to those given in testimony may not be offered to contradict a witness unless a foundation has been laid for that purpose by first asking Agnes Killabian if she made such statements, and, if so, allowing her to explain them. G. L. 1956, §9-17-14. However, the record discloses that Mary Sullivan's counsel did endeavor to lay such a foundation, but his effort was precluded by the trial justice sustaining an objection on the ground that such inconsistencies should have been brought out in cross-examination of Agnes Killabian in the case where she was the plaintiff. Moreover, her testimony as plaintiff need not be repeated since the jury was entitled to consider all of the evidence as a whole in deciding each case.

Mary Sullivan was not a party in the cases of the Killabians against Thomas Sullivan. She was entitled to try her cases in any lawful manner, subject to regulation by the trial justice in the exercise of his judicial discretion. We think, however, that in the instant cases the trial justice abused his discretion. He misconceived the purpose for which this version of Agnes' account of how the accident happened was being offered. The record discloses that the trial justice assumed that the testimony to be solicited was for the purpose of impeaching Agnes' testimony in the trials to which Mary Sullivan was not a party. He should have considered Agnes as an adverse witness in the light

of Mary Sullivan as plaintiff trying her own cases and attempting to prove defendant's negligence on statements made by her to Mr. Rafanelli. Not having done so his ruling constituted error.

We are of the opinion, therefore, that the exceptions in the cases of Mary C. Sullivan, as plaintiff, should be sustained and the cases remitted to the superior court for new trials. Since by its very nature the excluded testimony, if considered by the jury, might conceivably have resulted in a finding by them that the accident was the result of Agnes' negligence and that Thomas Sullivan was in the exercise of due care, it follows that to do justice between the parties all of the cases should be remitted to the superior court for new trials.

In each case the exceptions are sustained, and each case is remitted to the superior court for a new trial.

*Aram A. Arabian, John K. Najarian,* for plaintiffs Agnes and Penos Killabian.

*Sherwood & Clifford, William A. Curran,* for defendants Agnes and Panos Killabian.

*Charles H. Anderson,* for Thomas and Mary C. Sullivan.